UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| AJC LOGISTICS, LLC, *et al.*,<br><br>**Plaintiffs,**<br><br>v.<br><br>ECONOMY INTERNATIONAL SERVICES, INC., *et al.*,<br><br>**Defendants.** | **Civil No**. 11-1834 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Camille L. Velez-Rive, (Docket 77). Having made an independent examination of the entire record in this case, the Court **ADOPTS IN FULL** the magistrate judge's findings and recommendations.

**I. STANDARD**

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Loc. Rule 72(b). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Rule 72(d).[1]  See 28 U.S.C.

---

[1] The magistrate judge reduced the period for objections to one week, due to the proximity of the pre-trial conference. (Docket 77 at 22.)

§ 636(b)(1).  A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made."  Ramos-Echevarria v. Pichis, Inc., 698 F. Supp. 2d 262, 264 (D.P.R. 2010); Sylva v. Culebra Dive Shop, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).  Failure to comply with this rule precludes further review.  See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987).  In conducting its review of the R&R, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(a)(b)(1); Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985); Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003).  Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object.  See Hernandez-Mejias v. General Elec., 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing Lacedra v. Donald W. Wyatt Detention Facility, 334 F. Supp. 2d 114, 125-126 (D.R.I. 2004)).  A party's failure to object to an R&R allows the Court to assume that the party agrees with the recommendations in the R&R.  Gonzalez-Santos v. Torres-Maldonado, 839 F. Supp. 2d 488, 500 (D.P.R. 2012).

     In this case, the magistrate judge issued a thorough and well-written R&R recommending (1) that plaintiffs' motion for summary

Civil No. 11-1834 (FAB)                                                3

judgment be **DENIED**; (2) that defendant Triple-S' request for summary judgment regarding the coverage limit be **GRANTED**; and (3) that Triple-S' request to dismiss Lloyd's claim be **GRANTED**. (Docket 77.)  The parties had until September 5, 2013 to object to the R&R.  Although plaintiffs filed a timely objection, (Docket 78), defendant Triple-S did not, waiving its right to further review in the district court.  See Davet, 973 F.2d at 30-31.  The Court addresses plaintiffs' objections below.

**II.  PLAINTIFFS' OBJECTIONS**

   **A.   $25,000 vs. $500,000 Limit of Coverage**

      Plaintiffs first object to "the magistrate judge's proposed findings and recommendations that the Triple-S Policy provides a Limit of Insurance of $25,000.00 for the loss sustained by the plaintiffs as a result of the mechanical breakdown at Economy." (Docket 78 at 6.)  They instead contend that the Triple-S Policy provides a limit of $500,000 "for loss suffered under the Personal Property of Others coverage as a result of a mechanical breakdown."  Id.  Plaintiffs' objection is little more than a recitation of the arguments raised before the magistrate judge. Where the objections are repetitive of the arguments already made to the magistrate judge, a *de novo* review is unwarranted. Westernbank P.R. v. Kachkar, 2009 U.S. Dist. LEXIS 78726, 25 (D.P.R. Sept. 1, 2009) (Delgado-Colon, J.) (citing Rivera-Garcia v. United States, 2008 U.S. Dist. LEXIS 60305, 2008 WL 3287236, *1

Civil No. 11-1834 (FAB)                                                4

(D.P.R. Aug. 7, 2008) (Perez-Gimenez, J.)). "Instead, the report and recommendation is reviewed by the district judge for clear error." Rivera-Garcia, 2008 U.S. Dist. LEXIS 60305 (citing Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the [m]agistrate [j]udge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).  After due consideration, the Court finds that the R&R is neither clearly erroneous nor contrary to law, and thus it **ADOPTS IN FULL** the magistrate judge's findings.

The R&R included a thorough review of Puerto Rico insurance contract law to explain that the Policy in this case must be construed "according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any lawful rider, endorsement, or application attached to and made part of the policy."  (Docket 77 at 16) (citing P.R. Laws Ann. tit. 26 § 1125).  That is precisely what the magistrate judge did in the R&R.  Consulting the entire insurance contract — including the Building and Personal Property Coverage Form, its Covered Causes of Loss-Special Form, and the Equipment Breakdown Endorsement — the magistrate judge correctly determined that the Policy's terms, conditions, and exclusions were clear and

Civil No. 11-1834 (FAB)                                                5

unambiguous as a matter of law.  See MAPFRE P.R. v. Guadalupe-Delgado, 613 F. Supp. 2d 213, 217 (D.P.R. 2009) (Besosa, J.).

A plain reading of the Policy conflicts with plaintiffs' invitation to read the Policy as providing a $500,000 coverage limit for loss suffered to "property of others" as a result of a mechanical breakdown — but only providing $25,000 in coverage for the exact same type of loss to property of the "named insured." The Building and Personal Property Coverage Form does not extend to losses or damages caused by or resulting from mechanical breakdown, because the Causes of Loss-Special Form expressly excludes coverage for that type of loss.  (Docket 46-19 at 2; Docket 53-6 at 2.) That means that the Policy initially did not protect **any** loss that occurred due to a mechanical breakdown — whether the loss was to the property of the named insured or to the property of others. Accordingly, the $500,000 limit for loss to property of others could not have applied to any loss caused by or resulting from a mechanical breakdown.

Precisely because the Causes of Loss-Special Form specifically excluded coverage for equipment breakdown, Economy requested and Triple-S issued the Equipment Breakdown Endorsement. As the magistrate judge correctly reasoned, that Endorsement "provides coverage for equipment breakdown that was otherwise excluded in the Causes of Loss-Special Form," (Docket 77 at 8), and "Economy paid additional premium and 'bought back' coverage for

Civil No. 11-1834 (FAB)                                                6

loss or damage as a result of a mechanical breakdown, via the Equipment Breakdown Coverage." Id. at 17.  The Equipment Breakdown Endorsement specified a covered cause of loss **with its own limits of insurance**.  "Although mechanical breakdown is a covered cause of loss under the Policy's Cause of Loss-Special [F]orm, **it is so in accordance with the limits and conditions provided by the Equipment Breakdown Coverage**."  Id. at 17–18 (emphasis added).  The "spoilage" section of the Equipment Breakdown Endorsement explicitly imposes a $25,000 limit for loss or damage under that coverage and does not distinguish between property of the named

insured or of "others."[2]  Id.  Thus, when a mechanical breakdown caused any loss, the most Triple-S contractually agreed to pay was $25,000.

Plaintiffs' argument that the magistrate judge "cited the wrong part of the Equipment Breakdown Endorsement in support of the elimination of the 'mechanical breakdown' exclusion" is inconsequential.  It was the plaintiffs themselves who advanced the argument that the purchase of the Equipment Breakdown Endorsement

---

[2] The "spoilage" section of the Equipment Breakdown Endorsement provides that Triple-S "will pay for **your** loss of 'perishable goods' due to spoilage." (Docket 53-7 at 1.)  Plaintiffs argued before the magistrate judge as well as in their objections to the R&R that the inclusion of the word "your" refers only to Economy, and thus "the $25,000 sublimit for spoilage under the Equipment Breakdown Endorsement is only applicable for loss of perishable goods suffered by **the Named Insured**." (Docket 78 at 4 n.1.)  The Court, like the magistrate judge, is unpersuaded by that contention and by plaintiffs' reasoning that a $500,000 limit therefore applied.

As discussed above, a plain reading of the Policy shows that the $500,000 limit for losses or damages to property of others does not apply to any loss caused by mechanical breakdown.  Triple-S' coverage of losses to "property of others" is not a free-standing, all-risk coverage unencumbered by exclusions.  It is unreasonable to interpret Triple-S' Policy as automatically covering all damage to the property of others, no matter what the cause of loss.  Instead, the coverage to "property of others" is subject to the Cause of Loss - Special Form.  Because the Equipment Breakdown Endorsement modifies that form and provides a $25,000 limit, the property of others coverage for spoilage resulting from mechanical breakdown is subject to that $25,000 limit.  The Court is in agreement with the magistrate judge that it need not "read the Policy as if it was tailored to meet AJC's specific needs and requirements." (Docket 77 at 20.)  It interprets the Equipment Breakdown Endorsement broadly, however, to include not just Economy's loss of perishable goods due to spoilage from mechanical breakdowns, but also that type of loss to the property of others.

Civil No. 11-1834 (FAB)                                                    8

— which the Court notes is outlined in Section A(1) — "eliminated" the mechanical breakdown exclusion. (See Docket 47 at 14.) Regardless of the technical mechanics, however, the magistrate judge came to the correct conclusion that the Equipment Breakdown Endorsement "bought back" coverage for loss resulting from a mechanical breakdown. Furthermore, the language in Section (B) of the Equipment Breakdown Endorsement that plaintiffs cite does not support the conclusion that the proper coverage limit for spoilage of property of others due to mechanical breakdown is $500,000. Section (B) expressly modifies the exclusions section from the Causes of Loss—Special Form. (Docket 53-7 at 4.) It does state that "[t]he most we will pay for loss or damage under this endorsement is the applicable Limit of Insurance shown in the Declarations." Id. at 5. As mentioned above, however, the $500,000 policy limit for losses to the "property of others" never extended to losses due to a mechanical breakdown. Section (A) of the Equipment Breakdown Endorsement amended the Building and Personal Property Coverage Form to include additional coverage for spoilage due to an equipment breakdown, and it also includes a corresponding limit of insurance. (See Docket 53-7 at 1.) That limit is $25,000. Id. Because no other schedule increases that limit, a plain reading of the Policy does not support plaintiffs' contention that "the coverage under the Personal Property of Others and its Limit of $500,000.00 is available for damage caused by an

equipment breakdown." (Docket 47 at 15.)  To the contrary, the only reasonable interpretation of the Policy is that coverage for loss resulting from spoilage due to a mechanical breakdown — whether to property of the named insured or to others — is $25,000.

In light of the above, Triple-S' motion for summary judgment is **GRANTED**.  After reviewing the record, the Court further finds that Triple-S has already paid the $25,000 policy limit. (See Docket 53-3 at 5) (testimony of Miriam Rivera, the office insurance adjustor for the coverage in question, indicating that Triple-S paid $25,000 for the loss of the food to Economy, and the insured accepted and cashed the check); (Docket 57 at 6) (plaintiffs' admission that Triple-S reimbursed Economy $32,205.09).  All claims against defendant Triple-S, therefore, must be **DISMISSED WITH PREJUDICE.**

**B.   Dismissal of Plaintiff Lloyd's**

Plaintiffs' second objection pertains to the magistrate judge's recommendation that the Court grant Triple-S' request to dismiss Lloyd's cause of action.  They claim that Lloyd's, as a party in interest, has standing pursuant to article III to sue defendants even though it has yet to indemnify or reimburse AJC. (Docket 78 at 16-17.)  Because the Policy between Lloyd's and AJC has a deductible of $400,000, plaintiffs argue that Lloyd's will suffer harm in the near future depending on AJC's recovery from defendants in this case.  Id.  Their arguments merely rehash,

Civil No. 11-1834 (FAB)                                              10

however, the exact positions taken in their original submission to the magistrate judge.  (See Docket 56 at 11-13.)  The Court declines to allow plaintiffs the opportunity to take a "second bite at the apple" through their objections to the R&R, and finds no clear error on the part of the magistrate judge.  The law is clear that an insurer is a real party in interest sufficient for article III standing "only when direct actions are maintained against them or when they become subrogated to the rights of their insureds after payment of the loss." Compton v. D'Amore, 475 N.Y.S.2d 463 (1984) (internal punctuation and citations omitted) (emphasis added); see also Armour Pharm. Co. v. Home Ins. Co., 60 F.R.D. 592 (N.D. Ill. 1973) ("In the instant case, there has been no actual subrogation or loan receipt.  No payment has been made . . . . [M]erely because one may benefit by the result in litigation does not make him 'a real party in interest.'").  Because Lloyd's has not paid AJC under Policy Number MC10ACXU, it has no right to subrogate and is not a real party in interest to this lawsuit.  Plaintiff Lloyd's causes of action are therefore **DISMISSED WITHOUT PREJUDICE.**

**III. CONCLUSION**

For the reasons discussed above, the Court **ADOPTS IN FULL** the magistrate judge's findings contained in the R&R.  Accordingly, the Court **GRANTS** Triple-S' motion for summary judgment, (Docket 52).  All claims against defendant Triple-S, therefore, are **DISMISSED**

Civil No. 11-1834 (FAB)                                                   11

**WITH PREJUDICE.**  Plaintiffs' motion for summary judgment, (Docket 45), is **DENIED.**  All causes of action brought by plaintiff Lloyd's are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 10, 2013.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE